UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Abdiqadir A., <br><br> Petitioner, <br><br> v. <br><br> Pamela Jo Bondi, *in her official capacity as Attorney General of the United States*; Kristi Noem, *in her official capacity as Secretary of the U.S. Department of Homeland Security*; Todd Lyons, *in his official capacity as Acting Director of Immigration and Customs Enforcement*; David Easterwood, *in his official capacity as Acting Director, St. Paul Field Office, Immigration and Customs Enforcement*; Andrew Larson, *in his official capacity as Executive Director of Northwest Regional Corrections Center*; <br><br> Respondents. | File No. 26-CV-272 (JMB/DTS) <br><br> **ORDER** |

Graham Blair Ojala-Barbour, Ojala-Barbour Law Firm, PLLC, St. Paul, MN, for Abdiqadir A.

Ana H. Voss, United States Attorney's Office, Minneapolis, MN, for Respondents Pamela Jo Bondi, Kristi Noem, Todd Lyons, David Easterwood, and Andrew Larson.

This matter is before the Court on Petitioner Abdiqadir A.'s[1] Petition for Writ of Habeas Corpus (Petition) under 28 U.S.C. § 2241. (Doc. No. 1 [hereinafter, "Pet."].)

---

[1] This District has adopted a policy of using only the first name and last initial of any nongovernmental parties in immigration cases.

1

Respondents Pamela Jo Bondi, Kristi Noem, Todd Lyons, David Easterwood, and Andrew Larson (together, Respondents) oppose the Petition. For the reasons explained below, the Court grants the Petition.

### FINDINGS OF FACT

1. Abdiqadir A. is a citizen of Somalia who entered the United States on October 16, 2024. (Pet. ¶¶ 1, 3.)

2. At or near in time to Abdiqadir's entry into the United States, Respondents detained and paroled Abdiqadir A. pursuant to 8 U.S.C. § 1182(d)(5)(A) for one year starting on November 27, 2024. (Pet. ¶ 3.) At that time, Respondents released him from custody. (*Id.*)

3. Abdiqadir A. was placed in full removal proceedings on November 25, 2024. (*Id.* ¶ 4.)

4. He then applied for asylum and withholding of removal. (Pet. ¶ 5.) His applications are now pending, and he has an individual hearing scheduled on January 26, 2026. (*Id.*)

5. He has been living in the United States freely since he was paroled in 2024 and has no criminal history. (*Id.* ¶¶ 5, 15, 32.) He has a valid work permit based on his pending asylum application and has never missed a court hearing or otherwise violated the conditions of his release from custody. (*Id.* ¶ 31.)

6. Respondents re-detained Abdiqadir A. on December 5, 2025, and he is currently detained in Minnesota. (*Id.* ¶ 15.)

7. Abdiqadir A. filed his Petition on January 14, 2026. (Pet.) He asks the Court

to immediately release him from custody or, in the alternative, order that he be granted a bond hearing pursuant to 8 U.S.C. § 1226 within seven days. (*Id.* at 20–21.)

8.  On January 14, 2026, the Court ordered Respondents to respond to the Petition by January 16, 2026, at 11:00 a.m. CT "certifying the true cause and proper duration of Petitioner's confinement and showing cause as to why the writ should not be granted in this case." (Doc. No. 3.)

9.  The deadline has passed, and Respondents did not respond to the Petition.

## DISCUSSION

Respondents do not oppose the Petition, and on that basis alone, and considering the factual showings made by Petitioner as recounted above, the Court grants the Petition.[2]

---

[2] As a threshold matter, the Court notes that a writ of habeas corpus may be granted to any person who demonstrates he is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3); *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (concluding that the Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States" (citing U.S. Const., Art. I, § 9, cl. 2)); *Aditya W.H. v. Trump*, 782 F. Supp. 3d 691, 702 (D. Minn. 2025). For most of the nation's history, habeas review "has remained a critical check on the Executive, ensuring that it does not detain individuals except in accordance with law." *Hamdi*, 542 U.S. at 525 (quotation omitted). The right to challenge the legality of a person's confinement through a petition for a writ of habeas corpus "extends to . . . immigration-related detention." *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900–01 (D. Minn. 2020) (citation omitted). The petitioner bears the burden of proving that his detention is illegal by a preponderance of evidence. *Jose J.O.E. v. Bondi*, No. 25-CV-3051 (ECT/DJF), 2025 WL 2466670, at *5 (D. Minn. Aug. 27, 2025) (citing *Aditya W.H.*, 782 F. Supp. 3d at 703).

The Constitution also guarantees every person in the United States due process of law, including persons who are not United States citizens. *E.g.*, *Lopez v. Heinauer*, 332 F.3d 507, 512 (8th Cir. 2003) ("The Supreme Court has long recognized that deportable aliens are entitled to constitutional protections of due process." (citing *Yamataya v. Fisher*, 189 U.S. 86, 100–01 (1903))); *see also, e.g.*, *Trump v. J.G.G.*, 604 U. S. 670, 673 (2025) (per curiam) ("'It is well established that the Fifth Amendment entitles aliens to due process of law' in the context of removal proceedings." (quoting *Reno v. Flores*, 507 U.S. 292, 306

Separately and independently, the Court also grants the request for immediate release because it is persuaded by the analysis of the court in *Rodriguez-Acurio v. Almodovar*, No. 2:25-CV-6065 (NJC), 2025 WL 3314420 (E.D.N.Y. Nov. 28, 2025). Like the petitioner in *Rodriguez-Acurio*, Abdiqadir A was previously released on temporary parole, did not violate any terms of the release, and remains in the United States with a pending asylum and withholding-of-removal application after the expiration of the temporary parole. *See id.* at *9–24. Accordingly, the Court orders that Abdiqadir A. be released.[3]

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT the Petition (Doc. No. 1) is GRANTED as follows:

1. Respondents are ORDERED to release Petitioner Abdiqadir A. from custody immediately, and in any event on or before 5:00 p.m. CT on January 16, 2026.

2. On or before 11:00 a.m. CT on January 20, 2026, Respondents shall provide the Court with a status update affirming that Petitioner was released from custody in accordance with this Order.

3. Abdiqadir A. may move separately within 30 days of final judgment in this action to recover attorney's fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

LET JUDGMENT BE ENTERED ACCORDINGLY.

---

(1993))); *Zadvydas v. Davis*, 533 U.S. 678, 695 (2001) ("[T]he Due Process Clause applies to all persons within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent.").

[3] In light of this decision, the Court declines to address the remaining allegations and claims in the Petition.

5

Dated: January 16, 2026                           /s/ *Jeffrey M. Bryan*
                                                  Judge Jeffrey M. Bryan
                                                  United States District Court

CASE 0:26-cv-00272-JMB-DTS   Doc. 4   Filed 01/16/26   Page 5 of 5